IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| CYNTHIA A. RAMSEY, | ) | |
| | ) | CASE NO. BK13-80999-TJM |
| Debtor(s). | ) | A13-8051-TLS |
| ROOSEVELT SCOVER and | ) | |
| ELLEN SCOVER, | ) | |
| | ) | CHAPTER 7 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA A. RAMSEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the court on the plaintiffs' motion for summary judgment (Fil. No. 16) and objection by the debtor-defendant (Fil. No. 25). The debtor is representing herself, and Rodney C. Dahlquist, Jr. represents the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

      The motion is granted.

      The debtor sought to purchase a house in Omaha, Nebraska, from the plaintiffs in 2007. According to the complaint, the parties signed a purchase agreement and the debtor assured Mr. Scover she had arranged for financing for the purchase, but the loan would not be approved until she presented a signed quit-claim deed to her lender. Mr. Scover ultimately signed a deed in blank. Thereafter, the debtor completed the deed with the name of her daughter, Shazale Ramsey, as the grantee, and obtained a loan of $61,144.00 secured by a deed of trust on the property. The debtor and her daughter filed the quit-claim deed and a real estate transfer statement with the Douglas County Register of Deeds. The Scovers have not received any payment for the property. They sued the Ramseys and obtained a default judgment in 2011 of $64,500.00 plus attorney fees for breach of contract, fraudulent inducement, and unjust enrichment through fraudulent means. No payments have been made on the judgment. The judgment was based on the debtor's failure to participate in discovery. The debtor and her daughter filed Chapter 7 bankruptcy petitions in May 2013. The Scovers then filed this adversary proceeding to except the debt from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), and now move for summary judgment. The debtor denies most of the Scovers' allegations.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. *Madsen*, 195 F.3d at 989-90; *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). In Nebraska, res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Ichtertz v. Orthopaedic Specialists of Nebraska, P.C.*, 730 N.W.2d 798, 804 (Neb. 2007).

In Nebraska, a judgment on the merits, for purposes of res judicata, is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. *Kerndt v. Ronan*, 458 N.W.2d 466, 469-70 (Neb. 1990). In other words, any right, fact, or matter directly adjudicated on the merits in a previous action by a court acting within its jurisdiction, or necessarily included in the determination in the previous action, is conclusively settled and may not be relitigated by the parties in a subsequent action. *Id.* at 469. The Nebraska Supreme Court has said that "summary judgments, judgments on a directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata."

*Young v. Govier & Milone, L.P.*, 835 N.W.2d 684, 696 (Neb. 2013) (citing *DeVaux v. DeVaux*, 514 N.W.2d 640, 646 (Neb. 1994) (superseded by statute on other grounds as stated in *Alisha C. v. Jeremy C.*, 808 N.W.2d 875, 882 (Neb. 2012))).

In the underlying litigation, the Douglas County District Court judge granted default judgment to the Scovers on their breach of contract, fraudulent inducement, and unjust enrichment causes of action, due to the debtor's failure to participate in discovery. The Scovers' complaint set forth the facts supporting each cause of action, and by granting judgment in their favor, the court necessarily found that those facts established the elements of those causes of action. In particular, the court's implicit recognition that the true facts of the case were as presented by the Scovers means that an unassailable judicial finding has been made that the debtor deceived Mr. Scover and made false representations to him, with the intent that he rely on those false representations, which he did to his detriment, as the debtor's deceit caused him financial harm in that he no longer has the house or the value of the house.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010). To have the debt excepted from discharge, the creditor must prove that the debtors obtained money or property from the creditor concurrent with the debtors' misrepresentation. *Marcusen v. Glen (In re Glen)*, 639 F.3d 530, 533 (8th Cir. 2011).

Likewise, a debt may be excepted from the discharge of debts granted under 11 U.S.C. § 727 if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To except a debt from discharge under that section, a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. *Sells v. Porter (In re Porter)*, 539 F.3d 889, 893 (8th Cir. 2008). In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006). The category of injury envisioned by the Supreme Court is that of an intentional tort. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

In this case, the state court judgment establishes the elements of § 523(a)(2)(A). As noted above, the allegations of the complaint, as adopted by the state court when it entered judgment against the debtor, show that the debtor made false representations to Mr. Scover about the need for an executed deed in order to obtain financing, her agreement not to file the deed until the transaction was completed, and her intent to pay Mr. Scover for the property. The debtor knew those representations were false when she made them, and she deliberately made them with the intention that Mr. Scover would rely on them. He did in fact justifiably rely on those false representations, and lost his ownership of the property as well as the agreed purchase price for the property as a result. This is sufficient for a judgment of non-dischargeability of the debt. With regard to the plaintiffs' request for a finding of non-dischargeability under § 523(a)(6), the state court judgment does not establish the elements of that section, as there are no allegations in the state court record concerning willfulness or malice as those terms are used in the Bankruptcy Code.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. No. 16) is granted. Separate judgment will be entered excepting this debt from discharge.

DATED: January 14, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Cynthia A. Ramsey
    *Rodney C. Dahlquist, Jr.
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.